UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN TREBOUX,<br><br>        Plaintiff,<br><br>v.<br><br>MARC TETRO, INC.,<br><br>        Defendant. | Case No. 20-mc-80020-KAW<br><br>**ORDER DENYING MOTION TO SEAL CASE AND ALL DOCUMENTS**<br><br>Re: Dkt. No. 4 |

On January 27, 2020, Plaintiff Ann Treboux filed a "Request to Serve a Subpoena to Produce Documents" in Case No. 19-cv-2691, *Mark Tetro, Inc. v. Treboux*, currently proceeding in the Southern District of New York. (Dkt. No. 1.) On January 31, 2020, the Court denied the request as moot, as the subpoena had already been issued and Plaintiff did not require permission from the Court to serve it. (Dkt. No. 3.)

On February 12, 2020, Plaintiff filed the instant motion to seal the case and all documents. (Pl.'s Mot. to Seal, Dkt. No. 4.) Plaintiff asserts that the existence of this case and other lawsuits has resulted in Plaintiff's inability to sign a lease on an apartment or get a job because people do a web search of her name and find these lawsuits. (*Id.* at 2.) Specifically, Plaintiff raises concerns about a prospective employer or landlord not wanting to know the facts in a separate case, Case No. 19-cv-583-SBA, *Trickey v. Treboux*. (*Id.* at 3.)

The Court DENIES Plaintiff's motion to seal. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2005) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting

point." *Id.* (internal quotation omitted). The burden is therefore on the party seeking to seal a judicial record to "overcom[e] this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotations omitted). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179.

Here, Plaintiff seeks to seal the entirety of the case. Plaintiff, however, cites no facts specific to the filings of *this* case that would be problematic to a landlord or prospective employer. Plaintiff also cites no authority, and the Court has found none, that a Plaintiff is entitled to seal the very existence of a suit. In light of the strong presumption in favor of public access, the Court DENIES Plaintiff's motion to file this case under seal.

IT IS SO ORDERED.

Dated: February 26, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge